UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON, | No. 2:24-cv-2982-SCR |
| Plaintiff, | |
| v. | ORDER |
| DENBERG, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  performing this screening function, the court must dismiss any claim that "(1) is frivolous,
2  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
3  from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous
4  when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325
5  (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless
6  legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical
7  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
8  factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

9    In order to avoid dismissal for failure to state a claim a complaint must contain more than
10 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
11 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
12 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
13 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
14 court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When
17 considering whether a complaint states a claim, the court must accept the allegations as true,
18 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
19 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20  II. Factual Allegations of the Complaint

21   Plaintiff is a wheelchair-bound double amputee who was incarcerated at the California
22 Medical Facility ("CMF") at all times relevant to the allegations in the complaint.  At the outset
23 of his complaint, plaintiff recounts retaliatory prison transfers that he suffered prior to arriving at
24 CMF for participating in a class action lawsuit concerning violations of the Americans with
25 Disabilities Act ("ADA").  ECF No. 1 at 6.  "From then on, [plaintiff] experienced the fallout of
26 threats, intimidations, false charges, and malicious lies…, as well as more ADA abuses…." Id.
27   Plaintiff first alleges that he was issued a false disciplinary charge on December 29, 2021
28 by Sergeant Denberg, a named defendant in this action, and a correctional officer who is not

named as a defendant.

In April 2022, plaintiff further alleges that defendant Denberg ordered Correctional Officer Chappell to handcuff plaintiff behind his back. This caused plaintiff to almost fall out of his wheelchair and to be in pain due to a prior injury. When plaintiff asked to be handcuffed in front due to his injury and disability, defendants Denberg and Chappell refused. Plaintiff remained handcuffed in this manner for four to five hours, causing bruising that lasted for days.

On a different occasion, plaintiff was deprived of both breakfast and lunch which he reported to defendants Sealing and Blunt, who did nothing in response.

While in the I-Unit Quarantine area for 10 days, defendant Sealing refused to transfer plaintiff to an ADA compliant bed with a lift which would have allowed him to transfer safely in and out of bed to his wheelchair. Without this disability accommodation, he struggled to move in and out of his bed.

Lastly, plaintiff alleges that defendant Kenoly threatened to "write him up" if he did not come with him to sign a dental refusal form.

Based on these factual allegations, plaintiff asserts claims of First Amendment retaliation, Eighth Amendment deliberate indifference, conspiracy, and violations of the ADA and California's Tom Bane Civil Rights Act.

III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendants Denberg and Chappell for handcuffing plaintiff behind his back as well as a supplemental state law claim for violating the Bane Act against these same defendants.

IV. Failure to State a Claim

The remaining allegations in the complaint are not sufficient to state any claim for relief. First, courts have generally found that the issuance of a false RVR does not, in and of itself, violate due process. See Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), aff'd, 393 Fed. App'x. 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have

1  determined that a prisoner's allegation that prison officials issued a false disciplinary charge
2  against him fails to state a cognizable claim for relief under § 1983."); see also Muhammad v.
3  Rubia, 2010 WL 1260425, at *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir.
4  2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly
5  accused of conduct which may result in the deprivation of a protected liberty interest." (citations
6  omitted)).  "These courts have reasoned that the focus of the analysis is on the process required
7  by law and have thus concluded that false accusations do not violate the due process clause of the
8  Fourteenth Amendment so long as the inmate is afforded the procedural protections required by
9  federal law at the disciplinary hearing."  Goodwin v. Salagubang, No. 2:18-cv-0363 JAM DMC,
10 2019 WL 2026507, at *2 (E.D. Cal. May 8, 2019) (collecting cases); see also Muhammad, 2010
11 WL 12604235, at *3 ("As long as a prisoner is afforded procedural due process in the disciplinary
12 hearing, allegations of a fabricated charge fail to state a claim under § 1983").
13         A fellow judge of this District reviewed the false RVR line of cases and succinctly
14 restated the thrust of its procedural due process framework as follows: "A false allegation against
15 a prisoner does *not* create a claim so long as … the prisoner receives procedural due process
16 before there is a deprivation of liberty as a result of false allegations[.]"  Butts v. Ibarra, No. 1:20-
17 cv-0273 EPG PC, 2020 WL 4676375, at *4 (E.D. Cal. Aug. 12, 2020), report and
18 recommendation adopted, No. 1:20-cv-0273 AWI EPG PC, 2020 WL 6020409 (E.D. Cal. Oct. 9,
19 2020) (emphasis in original).  A deprivation implicates a protected liberty interest where (1) the
20 conditions of confinement impose an "atypical and significant hardship on the inmate in relation
21 to the ordinary incidents of prison life," or (2) the state action "will inevitably affect the duration
22 of [a] sentence."  Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).
23         Plaintiff does not allege facts concerning the nature of the RVR stemming from the
24 December 29, 2021 incident, including whether it resulted in a hearing or any particular
25 disciplinary action.  Nor does plaintiff allege that the RVR stemming from the December 29,
26 2021 incident was made in retaliation for plaintiff's prior grievances or other protected conduct.
27 Accordingly, plaintiff fails to state a cognizable claim based on the issuance of false reports.
28         Plaintiff's allegations that defendants Sealing and Blunt did not provide him with

4

breakfast and lunch on one occasion does not rise to the level of an Eighth Amendment violation. "Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). However, only severe deprivations are actionable. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). "The repeated and unjustified failure to [provide adequate sustenance] amounts to a serious depravation." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009). Here, plaintiff alleges that he missed two meals in total. Without additional facts, this demonstrates negligence on the part of the prison officials, which is not sufficient to establish constitutional liability. Farmer, 511 U.S. at 835.

Although plaintiff sufficiently describes his disability and the failure to provide him a reasonable accommodation based on it while he was housed in the I-Unit Quarantine area for 10 days, he has not named a proper defendant in order to proceed on an ADA claim. The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. United States v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). With respect to the ADA claim, plaintiff sues defendant Sealing in his individual capacity. A state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003). Therefore, in order to state an ADA claim, plaintiff must sue a state officer in his or her official capacity.

The conspiracy allegations against all defendants in this action are too conclusory to state a valid claim. To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ). Plaintiff does not allege

5

any facts that would support an inference of an agreement between any of the defendants. Accordingly, the court finds that the conspiracy allegations in the complaint fail to state a cognizable claim against defendant.

Despite all of these defects in the complaint, plaintiff may be able to allege additional facts to adequately plead additional constitutional claims. Therefore, plaintiff has the option of filing an amended complaint.

V.     Options from Which Plaintiff Must Choose

Based on the court's screening analysis, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately against defendants Denberg and Chappell for Eighth Amendment and Bane Act violations. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the remaining defendants and claims. The court will proceed to immediately serve the complaint and order a response from defendants Denberg and Chappell.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV concerning the remaining defendants and claims. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. The Eighth Amendment and Bane Act claims against defendants Denberg and Chappell are sufficient to proceed. The remaining conspiracy claims as well the claims against defendants Sealing, Blunt, and Kenoly cannot proceed at this time.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment and Bane Act claims against defendants Denberg and Chappell and voluntarily dismiss the other claims and defendants; or, (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your

claims for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an amended complaint.

## COMPLAINT

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's claims against defendants Sealing, Blunt, and Kenoly do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment and Bane Act claims against defendants Denberg and Chappell as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Sealing, Blunt, and Kenoly as well as the conspiracy claim against all defendants named in the complaint.

DATED: June 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENBERG, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-2982-SCR<br><br>NOTICE OF ELECTION |

　　　　Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment and Bane Act claims against defendants Denberg and Chappell without amending the complaint. Plaintiff understands that by choosing this option, the remaining defendants and claims will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Michael Patton
　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. ADA

To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir.

2001). "A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College Dist., 11 F.4th 729, 738 (9th Cir. 2021). In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id. In addition, "[t]o recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant." Duvall, 260 F.3d at 1138.

### B. Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

### C. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### D. Joinder of Claims and Parties

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only

to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.